UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:25-cv-81165-AMC

HOWARD COHAN,

Plaintiff,

v.

DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL,

Defendant,
_______________________________________/

**DEFENDANT'S RESPONSE TO THE COURT'S JUNE 1, 2026 ORDER TO SHOW CAUSE**

Defendant, DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL ("Defendant"), by and through the undersigned counsel, hereby files this Response to the Court's June 1, 2026 Order to Show Cause:

1. On December 18, 2025, the Court entered an Order Scheduling Mediation [DE 23], setting this matter to be mediated by May 27, 2026, and requiring the Parties to file a joint mediation report on by June 1, 2026.

2. The Parties jointly chose a mediator and set mediation to occur on May 27, 2026.

3. However, the day before mediation, the Undersigned experienced a personal issue and had to reset mediation.

4. That same day, the Undersigned reached out to the mediator to reset the mediation, and the Parties began to coordinate a new mediation date. Unfortunately, as the mediation was

scheduled for the day of the mediation deadline, it was not possible to reset the mediation to occur before the deadline.

5. However, the Parties shortly after came to a settlement of the claims in this lawsuit. The Parties will be filing a Notice of Settlement shortly while the Parties work to memorialize and finalize the settlement in a written agreement. Accordingly, there is no more need for mediation.

6. The Undersigned expresses his regret and apology for failing to adhere to the Court's Order. The failure to file a joint mediation report was not done in bad faith, dilatory conduct, or willful disregard of this Court's orders.

7. "[D]istrict courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders. . ." *Wouters v. Martin Cty.*, Fla., 9 F.3d 924, 933 (11th Cir. 1993). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "When considering sanctions under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under [28 U.S.C.] § 1927." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal quotation marks omitted).

8. The Parties did not act in bad faith, and did indeed had mediation set to occur on May 27, 2026. Unfortunately, the Undersigned experienced a personal issue that required the Parties to reset mediation.

9. Further, as this matter has settled, and the Parties will be filing a Notice of Settlement, mediation is no longer necessary.

10. Accordingly, the undersigned respectfully requests that this Court set aside the Order to Show Cause.


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

WHEREFORE, Defendant, DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL, respectfully requests this Honorable Court to enter an order setting aside the Order to Show Cause.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 8, 2026, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant,* DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL
Esperante Building
222 Lakeview Ave., Suite 500
West Palm Beach, FL 33401
Telephone (561) 612-3459
Primary e-mail: eric.martin@csklegal.com
Secondary e-mail: ameria.willis@csklegal.com

By: s/ *Eric Martin*
ERIC MARTIN
Florida Bar No.: 1019248