UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:25-cv-81165-AMC

HOWARD COHAN,

Plaintiff,

v.

DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL,

Defendant,
_________________________________/

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO THE COURT'S JUNE 1, 2026 ORDER TO SHOW CAUSE**

Defendant, DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL ("Defendant"), by and through the undersigned counsel, hereby files this Response to the Court's June 1, 2026 Order to Show Cause:

**Background**

1. On June 1, 2026, this Court issued an Order to Show Cause [DE 24] to explain why a mediation report had not been filed.

2. The undersigned filed Defendant's Response to the Court's June 1, 2026 Order to Show Cause (the "Response") [DE 27]. In the Response, the undersigned represented to this Court that the undersigned had canceled mediation due to a personal issue.

3. That same day, the Parties filed a Notice of Settlement [DE 28], notifying the Court that the Parties had come to a settlement and would file a notice of dismissal upon finalization of a settlement agreement.

4. On June 9, 2026, this Court entered a Paperless Order Requiring Supplement to Defendant's Response to the Court's Order to Show Cause [DE 29].

5. The undersigned hereby files this Supplemental Response to the Court's June 1, 2026 Order to Show Cause.

**Supplemental Response**

6. "[D]istrict courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders. . ." *Wouters v. Martin Cty.*, Fla., 9 F.3d 924, 933 (11th Cir. 1993). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "When considering sanctions under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under [28 U.S.C.] § 1927." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal quotation marks omitted).

7. The Undersigned expresses his regret and sincere apology for failing to adhere to the Court's Order. The failure to file a joint mediation report was not done in bad faith, dilatory conduct, or willful disregard of this Court's orders.

8. The undersigned indeed canceled mediation. However, the undersigned did so as, due to a months-long long delay in Plaintiff's Counsel's communications, the undersigned was not able to adequately prepare for mediation.

9. Specifically, on March 19, 2026, the undersigned provided Plaintiff's Counsel with an expert report and a settlement offer. This left the Parties with plenty of time to discuss their positions and negotiate settlement prior to mediation.



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

10. Between March 19, 2026 and May 18, 2026, the undersigned repeatedly followed up with Plaintiff's Counsel to discuss the settlement offer and expert report findings, with no substantive response.

11. Plaintiff finally substantively responded on May 19, 2026, one week prior to the scheduled mediation.

12. The undersigned attempted to get Defendant's expert to review Plaintiff's responses to Defendant's expert report and provide guidance so that the undersigned could be prepared for discussions with Plaintiff and for mediation.

13. However, due to the limited amount of time before mediation, Defendant's expert was ultimately unable to provide a substantive rebuttal or guidance prior to mediation.

14. The day before mediation, upon learning that the undersigned would not be able to confer with Defendant's expert and adequately prepare for mediation, the undersigned reached out to cancel and reset mediation.

15. In coming to this decision, the undersigned determined that he could not subject Defendant to expend time and costs on a mediation where Defendant would not be able to sufficiently discuss the issues in the case or prepare an adequate settlement strategy.

16. The undersigned exercised poor judgment in advising the Court that the cancellation was due to a personal issue. The undersigned sincerely apologizes to the Court for this mistake. The undersigned intended no disrespect to the Court or to Plaintiff's Counsel. On the contrary, the undersigned made this representation because of the undersigned's good rapport with Plaintiff's Counsel, not wanting to place blame on Plaintiff's Counsel or Defendant's expert. This is not to diminish the undersigned's misguided decision to represent to the Court that the cancellation was due to a personal issue. Rather, the undersigned hopes to explain the rationale



**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

and context underlying the undersigned's decision, and to show that the undersigned did not make the decision in bad faith or to disrespect the Court.

17. Indeed, the Parties were able to come to a settlement shortly after the originally scheduled mediation date. Accordingly, there is no prejudice to either Party.

18. The undersigned now respectfully asks for the Court's understanding and forgiveness, and requests that this Court set aside the Order to Show Cause.

WHEREFORE, Defendant, DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL, respectfully requests this Honorable Court to enter an order setting aside the Order to Show Cause.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 15, 2026, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant,* DELRAY HOTEL OWNER LLC, a Foreign Limited Liability Company, d/b/a THE RAY HOTEL
Esperante Building
222 Lakeview Ave., Suite 500
West Palm Beach, FL 33401
Telephone (561) 612-3459
Primary e-mail: eric.martin@csklegal.com
Secondary e-mail: ameria.willis@csklegal.com

By: s/ *Eric Martin*
ERIC MARTIN
Florida Bar No.: 1019248